IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| HERMAN LEE KINDRED (TDCJ No. 671207), | § § § | |
| Petitioner, | § § | |
| V. | § § | No. 3:17-cv-2428-G-BN |
| LORIE DAVIS, Director Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Herman Lee Kindred, a Texas inmate, has filed a *pro se* application for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Dkt. Nos. 3 & 4. This resulting action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior U.S. District Judge A. Joe Fish. The undersigned issues the following findings of fact, conclusions of law, and recommendation that the Court should dismiss the habeas application with prejudice as time-barred under Rule 4 of the Rules Governing Section 2254 Cases.

**Applicable Background**

Kindred challenges, through this action, his 2010 conviction in Johnson County, Texas for theft (enhanced), which resulted in a sentence of 18 years of imprisonment. *See State v. Kindred*, No. F43788 (18th Dist. Ct., Johnson Cty., Tex.). That criminal

-1-

judgment was affirmed on appeal, *see Kindred v. State*, No. 10-10-00380-CR, 2011 WL 4389969 (Tex. App. – Waco Sept. 21, 2011, no pet.), and Kindred did not file a petition for discretionary review (or "PDR") in the Texas Court of Criminal Appeals.

While Kindred sought state post-conviction relief as to this conviction and sentence, as explained below, he failed to first seek that relief within one year from the date his conviction became final for limitations purposes. *See Ex parte Kindred*, WR-33,972-04 (Tex. Crim. App. Mar. 12, 2014); *State v. Kindred*, No. F53788A (18th Dist. Ct., Johnson Cty., Tex.) (pet. docketed Jan. 30, 2014).

On initial review of the federal-habeas application, the Court recognized that the petition is likely time-barred and issued a questionnaire [Dkt. No. 6] to provide Kindred fair notice of the limitations issue and to allow him to present his position as to that issue through a verified response to the questionnaire. The Court docketed Kindred's verified questionnaire responses on September 26, 2017, *see* Dkt. No. 7, along with his motion requesting leave to amend his petition, *see* Dkt. No. 8.

**Legal Standards**

Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of

direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2). The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g., United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling ... do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. ___, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).[1]

The Supreme Court also has determined that the AEDPA statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 569 U.S. ___, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation

---

[1] *See also Farmer v. D&O Contractors*, 640 F. App'x 302, 307 (5th Cir. 2016) (per curiam) (holding that because "the FBI did not actually prevent Farmer or any other Plaintiff from filing suit" but instead "advised Farmer that filing suit would have been against the FBI's interest" and "that the RICO claims could be filed after the investigation concluded," "[a]ny obstacle to suit was ... the product of Farmer's mistaken reliance on the FBI, and a party's mistaken belief is not an extraordinary circumstance" (citing *Menominee Indian Tribe*, 136 S. Ct. at 756-57)).

-4-

by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

Rule 4 Disposition

Under Rule 4 of the Rules Governing Section 2254 Cases, a district court may summarily dismiss a 28 U.S.C. § 2254 habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id.*

> This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer."

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) (quoting 28 U.S.C. foll. § 2254 Rule 4 Advisory Committee Notes). In *Kiser*, clearly applicable here, the Fifth Circuit held that, "even though the statute of limitations provision of the AEDPA is an affirmative defense rather than jurisdictional, the magistrate judge and district court did not err by raising the defense *sua sponte*." *Id.* at 329 (noting the district court's "decision to do so was consistent with Rule 4 and Rule 11 of the Rules Governing Section 2254 cases, as well as the precedent of this Court").

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th

Cir. 2010) (per curiam) (quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006); alteration to original); *see also Ingram v. Director, TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept. 10, 2012) (a magistrate judge's report and recommendation also gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

**Analysis**

Here, the applicable state conviction became final for federal limitations purposes "upon the expiration of the time for seeking further review through the filing of a PDR," *Phillips v. Quarterman*, No. 3:09-cv-1131-B, 2009 WL 1974302, at *2 (N.D. Tex. July 7, 2009) (citing *Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003)), which was 30 days after the Waco Court of Appeals affirmed the judgment, or on October 21, 2011, *see Flores v. Quarterman*, 467 F.3d 484, 485-86 (5th Cir. 2006); *Roberts*, 319 F.3d at 694; TEX. R. APP. P. 68.2. And the limitations period was not tolled under Section 2244(d)(2) "[b]ecause [Kindred's] state habeas petition was not filed within the one-year period" that began on that date. *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013) (citing *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (in turn citing 28 U.S.C. § 2244(d)(2))).

Therefore, to avoid the statute of limitations, either some provision other than Section 2244(d)(1)(A) must apply or either the equitable-tolling or actual-innocence exception must be in play. In this regard, Kindred contends that this action is timely based on his discovery, on May 15, 2017, that he is actually innocent because, he

asserts, that the State lacked jurisdiction to enhance his sentence based on a prior conviction of which he is innocent. *See* Dkt. No. 3 at 7; *see generally* Dkt. No. 7.

To begin, the actual-innocence exception does not apply. Kindred presents no evidence that causes the Court to question the applicable state-court determination of guilt. *See Schlup*, 513 U.S. at 329; *McQuiggin*, 133 S. Ct. at 1928. And "actual innocence jurisprudence 'does not apply to habeas claims based on actual innocence of a sentence.'" *Denman v. United States*, No. 3:16-cv-1188-G-BK, 2016 WL 3752969, at *2 (N.D. Tex. June 15, 2016) (quoting *United States v. Jones*, 758 F.3d 579, 587 (4th Cir. 2014)), *rec. accepted*, 2016 WL 3670073 (N.D. Tex. July 11, 2016); *cf. Preston v. Ask-Carlson*, 583 F. App'x 462, 463 (5th Cir. 2014) (per curiam) ("[C]laims relating to sentencing determinations do not fall within the savings clause and are not cognizable under [28 U.S.C.] § 2241, even where the petitioner asserts a 'miscarriage of justice' or actual innocence relating to the alleged sentencing errors.").

And Kindred's claims are not timely under Section 2244(d)(1)(D), the factual-predicate provision – the sole provision other than Section 2244(d)(1)(A) that could be implicated by his habeas petition. As the Court has noted in the context of the federal analogue to Section 2244(d)(1)(D), "in determining whether [28 U.S.C.] § 2255(f)(4) should be applied, the relevant inquiry should focus on when the factual predicate of a claim could have been discovered, as opposed to the date on which the petitioner has in his possession evidence to support his claim." *Milam v. United States*, No. 3:14-cv-1924-L-BN, 2015 WL 5896025, at *4 (N.D. Tex. July 30, 2015) (citations omitted), *rec. accepted*, 2015 WL 5896121 (N.D. Tex. Oct. 6, 2015); *cf. Wilder v. United*

*States*, Civ. A. No. 10-0997 & Crim. No. 03-72, 2011 WL 3444178, at *7 n.5 (W.D. Pa. Aug. 8, 2011) (observing that, while the term "factual predicate of the claim" is used in place of "facts supporting the claim" in Section 2244(d)(1)(D), the state-habeas analogue to Section 2255(f)(4), courts do "not distinguish between the provisions").

"Congress did not provide a definition of the term 'factual predicate,' as used in § 2244(d)(1)(D)[, but t]hose courts that have given meaning to the term agree that a factual predicate consists only of the 'vital facts' underlying the claim." *Rivas v. Fischer*, 687 F.3d 514, 535 (2d Cir. 2012) (citing *McAleese v. Brennan*, 483 F.3d 206, 214 (3d Cir. 2007); *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir. 1998)); *see also Vega v. Stephens*, No. 3:14-cv-551-P-BK, 2015 WL 4459262, at *3 (N.D. Tex. July 20, 2015) (defining "the factual predicate" as "the vital or principal facts underlying [a petitioner's] claims" (citing *McAleese*, 483 F.3d at 214; *Rivas*, 687 F.3d at 535)).

The "vital facts" underlying Kindred's habeas claims were known to or could have been discovered by him well before one year prior to his filing of the current action. And he fails to allege facts from which the Court can determine that he acted with diligence – from the time he was sentenced to the filing of this action – to excuse the considerable delay in bringing the current claims.

Moreover, evidence offered in support of an actual-innocence claim – that is, the evidence that Kindred has presented in his Section 2254 application – may not also support tolling under Section 2244(d)(1)(D). *See Morales v. McNeil*, No. 09-21335-Civ, 2010 WL 2976552, at *4 (S.D. Fla. June 14, 2010) ("[T]o the extent that any or all of the affidavit testimony is being offered in support of the petitioner's claim that he is

entitled to habeas relief on the basis of newly discovered evidence of his innocence, the petitioner would not be entitled to tolling under § 2244(d)(1)(D), because this evidence suggesting his innocence is actually the claim itself, rather than the factual predicate of an independent claim. Because claims of actual innocence based on newly discovered evidence do not state a ground for federal habeas relief absent an independent constitutional violation, the petitioner would not be entitled to tolling under § 2244(d)(1)(D)." (collecting cases)), *rec. adopted*, 2010 WL 2976550 (S.D. Fla. July 20, 2010); *accord Cooper v. Stephens*, No. 3:14-cv-4212-M-BN, 2016 WL 2855580, at *3-*4 (N.D. Tex. Apr. 21, 2016), *rec. accepted*, 2016 WL 2824637 (N.D. Tex. May 13, 2016); *Nunez v. Davis*, No. 3:16-cv-1011-L-BN, 2017 WL 3616648, at *3 (N.D. Tex. May 30, 2017), *rec. accepted*, 2017 WL 3601896 (N.D. Tex. Aug. 22, 2017).

The current Section 2254 application should therefore be denied as untimely absent equitable tolling. While Kindred asserts that his status as a *pro se* litigant supports the application of equitable tolling, *see* Dkt. No. 7 at 9, "neither his *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling," *Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013) (per curiam) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)); *see also Gutierrez v. Cockrell*, 45 F. App'x 321, 2002 WL 1860554, at *1 (5th Cir. June 19, 2002) (per curiam) ("Ignorance of the law and *pro se* status do not constitute 'rare and exceptional' circumstances warranting equitable tolling." (quoting *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir. 2000))). Kindred therefore has not carried his "burden ... to show rare, exceptional, or extraordinary circumstances beyond his control that made it impossible for his to

timely file" the Section 2254 habeas application. *Montes v. United States*, Nos. 3:13-cv-1936-K & 3:09-cr-286-K (4), 2014 WL 5286608, at *3 (N.D. Tex. Oct. 15, 2014) (citations omitted).

**Recommendation and Direction to the Clerk of Court**

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss the application for a writ of habeas corpus with prejudice because it is time-barred. The Court also should direct that the Clerk of Court serve any order accepting this recommendation on the Texas Attorney General.

The Clerk of Court is DIRECTED to serve electronically a copy of this recommendation and the petition, along with any attachments thereto and brief in support thereof, on the Texas Attorney General as counsel for Respondent and will be directed to the attention of Edward L. Marshall, Chief, Criminal Appeals Division, Texas Attorney General's Office. *See* Rule 4, RULES GOVERNING SECTION 2254 CASES IN THE UNITED STATES DISTRICT COURTS.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by

reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 27, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE